IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JOSEPH PICHON                                                    PLAINTIFF

         v.                        Civil No. 09-5011

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joseph Pichon, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying his claim for a period of disability, disability insurance benefits ("DIB"), and

supplemental security income ("SSI") under Titles II and XVI of the Social Security Act

(hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the

court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.      Procedural Background:

The plaintiff filed his applications for DIB and SSI on December 2, 2005, alleging an

onset date of September 2, 2005, due to a back problems. (Tr. 20-21, 94).  His applications were

initially denied and that denial was upheld upon reconsideration.   (Tr. 37, 41-42).   An

administrative hearing was held on May 22, 2007, and a supplemental hearing was held on May

28, 2008.  (Tr. 170-181, 182-211).  Plaintiff was present and represented by counsel.

At the time of the supplemental hearing, plaintiff was 34 years of age and possessed a

tenth grade education.  (Tr. 175, 184-185).  He had past relevant work ("PRW") experience as

janitor, a bus boy at a restaurant, a fast-food grill cook, a night stocker assistant supervisor, and a maintenance person. (Tr. 95-96, 100-02).

On September 18, 2008, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's mild mental retardation and low back pain did not meet or equal any Appendix 1 listing. (Tr. 13). He found that plaintiff maintained the residual functional capacity ("RFC") to perform the exertional requirements of light work[1] with the following limitations: (1) he was moderately[2] limited in his ability to understand, remember, and carry out complex instructions; and, (2) he is moderately limited in his ability to respond appropriately to usual work situations and routine work changes. (Tr. 15). With the assistance of a vocational expert, the ALJ determined that plaintiff could perform work as a production worker, sewing machine operator, or cashier. (Tr. 18).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 25, 2008. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

## II.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

---

[1]Light work requires standing or walking for six hours out of an eight hour workday, lifting no more than twenty pounds at a time, and frequent carrying of objects weighing up to ten pounds at a time. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also* Social Security Ruling (SSR) 83-10.

[2]Moderately limited means that there is more than a slight limitation, but the person can still perform in a satisfactory manner.

2

it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v.*

3

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.    **Discussion**:

Of particular concern to the undersigned is the ALJ's failure to consider the applicability of listing 12.05C dealing with mental retardation. Mental retardation as defined by Social Security Listing 12.05 refers to "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404,

4

Subpart P, Appendix 1, Section 12.05.  The required level of severity for this disorder is met

when the requirements in A, B, C, or D are satisfied. Under Listing 12.05C, a claimant suffers

from the required severity of mental retardation if he shows "[a] valid verbal, performance, or

full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional

and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P, App. 1, §

12.05C.  This United States Court of Appeals for the Eighth Circuit has interpreted Listing

12.05C to require a claimant to show the following three elements: "(1) a valid verbal,

performance, or full scale IQ score of 60 through 70, (2) an onset of the impairment before age

22, and (3) a physical or other mental impairment imposing an additional and significant work-

related limitation of function." *Maresh v. Barnhart,* 438 F.3d 897, 899 (8th Cir. 2006).  The

additional limitation need not be disabling, but it must have a "more than slight or minimal effect

on his ability to perform work." *Sird v. Chater,* 105 F.3d 401, 403 (8th Cir.1997) (internal

quotation omitted).

Social Security Ruling ("SSR") 00-3p, states that obesity is a "medically determinable

impairment" that can constitute a severe impairment under Listing 12.05C, and reminds

adjudicators "to consider [obesity's] effects when evaluating disability." SSR 00-3p, 65 Fed.

Reg. 31,039, 2000 WL 33952015 (May 15, 2000).

In the present case, plaintiff's IQ test revealed a full scale IQ of 62 with a verbal IQ of

63 and a performance IQ 68.  (Tr. 114-117).  The record also indicates that plaintiff had to repeat

the first grade and was in special education classes from the first grade until he dropped out in

the tenth grade. *Cf. Maresh,* 438 F.3d at 900 (8th Cir.2 006) (claimant proved mental retardation

manifested itself before age 22 when he struggled in special education classes through ninth

5

grade and then dropped out of school); *Muncy v. Apfel,* 247 F.3d 728, 734 (8th Cir.2001) (IQ is presumed to remain stable over time absent evidence of change in intellectual functioning). There are also notations in the record from examining doctors indicating that plaintiff was functionally illiterate and had a substantial intellectual deficit that would impact his ability to perform work-related activities. (Tr. 118-24, 162-166).

The ALJ concluded that plaintiff's work history belied his IQ scores. (Tr. 14). He determined that plaintiff's 15 years of substantial gainful activity showed that plaintiff had been able to work in spite of his IQ. The question, though, is not whether plaintiff has been disabled since birth. Instead, plaintiff alleges that he became disabled in September 2005 due to his mental limitations *and* the development of back problems related to his obesity. While plaintiff's full scale IQ of 62 clearly meets the first prong of the test, we agree that plaintiff would not have met the listing prior to September 2005, standing on his IQ scores alone. However, absent evidence to indicate that plaintiff worked for years with both his mental and physical impairments, his work history is not relevant to the determination of whether he met listing 12.05C on or after his alleged onset date. The question is whether plaintiff's back impairment/ morbid obesity constituted an additional and significant work-related limitation of function sufficient to meet the listing.

The ALJ also contends that the type of work plaintiff has performed contradicts his low IQ. However, we note that the positions reported and description of the duties involved do not convince this court that plaintiff is not mentally retarded. The positions (janitor, bus boy at a restaurant, cashier/cook at Target, a night stocker assistant supervisor, and a maintenance person)

6

are all unskilled positions. *See Douglas v. Astrue*, 341 Fed. Appx. 257, *1 (8th Cir. 2009). As such, we do not find that they necessarily undermine plaintiff's IQ scores.

Listing 12.05C requires only that plaintiff have the requisite IQ score and an additional and significant work-related limitation of function. We note that the ALJ concluded that plaintiff's lower back pain constituted a severe impairment. By definition, a severe impairment is an impairment that significantly limits a person's physical or mental ability to perform basic work activities. *See Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001). In other words, an impairment that more than minimally effects a claimant's ability to work. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007).

X-rays of plaintiff's lumbar showed some small anterior traction spurs on the anterior portion of the vertebral body at the L4 level. (Tr. 160-169). Dr. Alice Martinson noted that individuals with long-term morbid obesity were quite prone to complaints of back pain and carried a substantial risk for injury in the course of manual labor. Based solely on plaintiff's diagnosis of morbid obesity and complaints of lower back pain, she concluded that plaintiff could never lift or carry over 50 pounds; could sit, stand, and walk for 2 hours at one time without interruption for a total of 8 hours in an 8-hour workday; could continuously reach (overhead and other), handle, finger, feel, push/pull, and operate foot controls with both feet; could frequently climb and balance; and, could only occasionally stoop, kneel, crouch, and crawl. Limitations were also noted with regard to flexion in his back and hamstring tightness. A general physical examination also revealed a limited range of motion in plaintiff's lumbar spine, left hip, left knee, and right ankle and an abnormal straight-leg raise test with an inability to walk on his heel toes with his right lower extremity, an inability to squat and arise from a squatting

7

position, and an inability to tandem walk. (Tr. 118-124). This doctor noted moderate limitations with regard to plaintiff's ability to lift and carry and walk and mild limitations involving his ability to stand and sit. (Tr. 118-124). The ALJ then determined that plaintiff's mild mental retardation and low back pain limited him to light work with moderate mental limitations.

While we are not saying that plaintiff is disabled, we do believe that this evidence raises a question as to whether plaintiff meets listing 12.05C. We note that the additional physical or mental limitation need not be disabling, rather it must have a "more than slight or minimal effect on plaintiff's ability to perform work." *Sird,* 105 F.3d at 403. As such, we can not say that substantial evidence supports the ALJ's determination that plaintiff does not meet listing 12.05C. Accordingly, remand is necessary to allow the ALJ to reconsider plaintiff's mental impairment.

## IV.    Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)